# CLEARY | GIACOBBE | ALFIERI | JACOBS LLC

JACLYN S. D'ARMINIO, Partner
jdarminio@cgajlaw.com

**Reply to: Oakland Office**

February 25, 2026

**VIA REGULAR MAIL**
**And EMAIL (john@johnruelaw.com)**
John D. Rue
Rue Law Group
100 Overlook Center, 2nd Floor, #9211
Princeton, NJ 08540

RE:    **E.W. January 5, 2026 AP Pre-Calculus Exam**
Livingston Public Schools Response to Communication

Dear Mr. Rue;

As you are aware our office represents the Livingston Board of Education. We are in receipt of your letter dated February 5, 2026 regarding your client, E.W.

The District has reviewed your position on this matter and wishes to correct certain factual misunderstandings regarding this incident. As you have stated. E.W. participated in an exam in his A.P. Pre-Calculus class on or about January 5, 2026. The exam was reviewed and graded by his teacher, Daniel Brill, and issued a grade of 61 which was adjusted to 63 after application of the class scale. As is Mr. Brill's practice, the graded assessment was provided to E.W. for review, it was then returned to Mr. Brill. Mr. Brill reports that the exam was in E.W.'s possession for up to 30 minutes. Mr. Brill reported that E.W. asked to speak with him at lunch the following day. Mr. Brill met with E.W. at which time E.W. insisted that Mr. Brill had made grading errors in eight locations on the exam.

Upon review of the examination, Mr. Brill noted that Questions 1 and 9 had previously been unanswered and now reflected the correct answer. In addition, Questions 3, 5, 8, 12, 13 and 15 had all been modified in essentially the same form. While they originally reflected incorrect answers, they now showed an incorrect answer appearing to be circled and then crossed out with the correct answer lightly circled within the teacher's corrections. In addition, it appeared that an answer on the final page, which had lost points for utilizing the wrong letter for the variable, now showed the correct variable letter.   Mr. Brill asserts that these "corrections" did not exist on the exam paper at the time of his grading.  The conclusion reached by Mr. Brill was that during the

---

**Oakland Office: 169 Ramapo Valley Road, UL 105, Oakland, NJ 07436 Tel 973 845-6700 Fax 201 644-7601**

Somerville Office: 50 Division Street, Suite 501, Somerville, NJ 08876 Tel 732 583-7474 Fax 908 524-0096

Haddonfield Office: 255 Kings Highway East, Haddonfield, NJ 08033 Tel 732 583-7474 Fax 732 290-0753

Matawan Office: 955 State Route 34, Suite 200, Matawan, NJ 07747 Tel 732 583-7474 Fax 732 290-0753

www.cgajlaw.com

time the examination was in the student's possession for review, E.W. altered his exam to create the appearance of "grading errors."

When your clients met with Assistant Principal Battist-Rock to discuss the grade, they concurred with Mr. Brill's assessment that the modifications of the exam constituted academic dishonesty under the Livingston Public Schools 2025-2026 Code of conduct which specifically states

> Other breaches of academic integrity include forging signatures, altering answers after they have been graded, inserting answers after the fact, erasure of a grader's marks, or other acts that allow for falsely taking credit, and the unauthorized us of the internet or artificial intelligence to complete tests and/or assignments.
>
> Livingston Public Schools 2025-2026 Code of Conduct, Page 6

It was at that time that the Assistant Principal recommended that E.W.'s grade on the exam be reduced to a "0," however, deference was made to Mr. Brill's position that reduction of the grade was unnecessary and the grade remained at a 63. Thereafter your client's appealed the determination of academic dishonesty to Principal Mohammed. Principal Mohammed reviewed the exam, and spoke with those involved, including your clients. Upon this review, Principal Mohammed concurred with the determination that the test had been altered in a manner inconsistent with the expected level of academic integrity. Thereafter, he directed that the grade be reduced to "0" as the appropriate and dictated consequence of E.W.'s actions.

**At this time, E.W.'s grade on this exam will remain at a "0" as a result of the determination of academic dishonestly.** No additional disciplinary action is being recommended.

In response to your document demands in accordance with the OPEN Public Records Act, and in review of your client's consent for the release of certain records, attached herewith is a copy of the A.P.-Calculus Exam in its current state at issue. In addition, I am providing a copy of the Livingston Public Schools 2025-2026 Student Code of Conduct as well as District Policy 5600 "Student Discipline/Code of Conduct."

As to your remaining demands for documentation under the Open Public Records Act, these demands are being denied as overly broad as they fail to identify with reasonable clarity any particular records sought. OPRA operates to make identifiable government records "readily accessible for inspection, copying, or examination." N.J.S.A. 47:1A-1. New Jersey courts have consistently held that OPRA does not countenance open-ended searches of an agency's files and must provide reasonable clarity as to those documents that are required and cannot simply satisfy

John Rue, Esq.
E.W./Livingston BOE
February 25, 2026
Page 3 of 3

this requirement by requesting "any" or "all" possible documentation.[1] OPRA requests may not be so broad of a generic description that it requires the custodian to search the agency's files and "analyze, compile and collate" the requested information.[2] Your request is plainly more akin to a litigation discovery demand than a request for specifically identifiable government records as OPRA requires.[3]  Accordingly, your request is invalid as it fails to comport with OPRA's specificity requirements.

My office is available should you wish to discuss this matter further. Thank you.

Respectfully,
Cleary | Giacobbe | Alfieri | Jacobs

Jaclyn D'Arminio

Jaclyn S. D'Arminio, Esq.
Attorney for Livingston Board of Education

JSD/hs
w/ attachments
CC (via email only):

Dr. Daniel Fishbein,   Interim Superintendent of Schools
Amro Mohammed, Principal, Livingston High School

---

[1] MAG Entm't, LLC v. Div. of ABC, 375 N.J. Super. 534, 549 (App. Div. 2005); New Jersey Builders Ass'n v. New Jersey Council on Affordable Housing, 390 N.J. Super. 166 (App. Div.), cert. denied, 190 N.J. 394 (2007). See also., Spectraserv, Inc. v. Middlesex Cty. Utilities Auth., 416 N.J. Super. 565, 576 (App. Div. 2010); Bent v. Twp. of Stafford Police Dep't, 381 N.J. Super. 30, 37 (App. Div. 2005).

[2] . Id.; see also Lagerkvist v. Office of Governor of State, 443 N.J. Super. 230, 237 (App. Div. 2015) (holding that OPRA does not convert a custodian into a researcher, which would have been the effect of the request).

[3] Burke v. Ocean Cty., 2013 WL 6169154 (App. Div. 2013) (holding that an OPRA request is not the equivalent of lawsuit discovery).