**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| J.W. o/b/o E.W. | |
| Plaintiff, | CIVIL ACTION NO. 2:26-cv-03678 |
| vs. | Civil Action |
| Livingston Board of Education | **Motion Date: August 17, 2026** |
| Defendant | |

---

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT IN LIEU OF ANSWER**

---

CLEARY GIACOBBE ALFIERI JACOBS, LLC
Attorneys for Defendants
169 Ramapo Valley Road, UL-105
Oakland, New Jersey 07436

On the Brief and Of Counsel:

    Jaclyn S. D'Arminio, Esq. (90252012)
    Matthew J. Giacobbe, Esq. (021891993)

**TABLE OF CONTENTS**

**Page(s)**

**PROCEDURAL HISTORY**........................................................................................................1

**STATEMENT OF FACTS**.........................................................................................................1

**LEGAL ARGUMENT**...............................................................................................................3

**POINT I** .....................................................................................................................................3

**THE AMENDED COMPLAINT FAILS TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED AND SHOULD BE DISMISSED.**.....................................3

    **A.**    **Standards Governing A Motion To Dismiss Under Fed. R. Civ. P. 12(b)(6).** ..4

    **B.**    **Plaintiff has Not Asserted Viable Section 1983 Claims Because E.W. was not Deprived of His Procedural Due Process Rights**....................................................6

    **C. Plaintiff Have Not Asserted Viable Section 1983 Claims Because The Disciplinary Action Taken Against E.W. Was A Direct Result Of The Finding Of Academic Dishonesty, And Not The Parent's Continued Objections.**.............10

    **D.**    **As Plaintiff Has Failed To State A Claim Upon Which Relief Can Be Granted, The Amended Complaint In Its Entirety Must Be Dismissed.**........12

**POINT II**....................................................................................................................................12

**THE AMENDED COMPLAINT MUST BE DISMISSED BECAUSE THE COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION AS PRIMARY JURISDICTION FALLS WITHIN THE NEW JERSEY COMMISSIONER OF EDUCATION AND PLAINTIFF HAVE FAILED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES.**....................................................................................12

**CONCLUSION**........................................................................................................................15

i

**Cases**

Adickes v. S.H. Kress and Co., 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) ........ 12

Ambrose v. Robinson, Pa., 303 F.3d 488, 493 (3d Cir.2002)...................................................... 11

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)............................................................................. 5

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)......................................................... 4

Cheyney State Coll. Faculty v. Hufstedler, 703 F.2d 732, 736 (3d Cir.1983)............................ 13

Crawford–El v. Britton, 523 U.S. 574, 589 n. 10 (1998)........................................................... 11

Fenton v. Stear, 423 F. Supp. 767, 773 (W.D. Pa. 1976) .......................................................... 8

Goss v. Lopez, 419 U.S. 565 (1975)...................................................................................... 6, 7

Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995)............................................. 12

Hassan v. Lubbock Indep. Sch. Dist., 55 F.3d 1075, 1081 (5th Cir. 1995).................................. 8

Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006)............................................. 6

IPCO Safety Corp. v. WorldCom, Inc., 944 F. Supp. 352, 355 (D.N.J. 1996)........................... 13

Laney v. Farley, 501 F.3d 577, 584 (6th Cir. 2007) .................................................................. 8

MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1105 (3d Cir.1995) ..................... 13

McKee v. Hart, 436 F.3d 165, 170 (3d Cir.2006)..................................................................... 11

Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) ........................................ 4

Moyer v. Showboat Casino Hotel, Atl. City, 56 F. Supp. 2d 498, 499 (D.N.J. 1999) ................ 14

Pension Benefit Guar. Corr. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).......... 4

Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008).............................................. 5

Popow v. City of Margate, 476 F.Supp. 1237, 1240 (3rd Cir. 1970) ......................................... 12

Port Auth. of N.Y. & N.J. v. Arcadian Corp., 189 F.3d 305, 311-312 (3d Cir. 1999) ................... 4

Reiter v. Cooper, 507 U.S. 258, 268 (1993) ....................................................................... 13, 14

Robinson v. Dalton, 107 F.3d 1018, 1020 (3d Cir. 1997) ........................................................ 14

Shepard v. Board of Educ., 207 F.Supp. 341, 348 (D.N.J.1962)............................................... 14

Thomas v. Indep. Twp., 463 F.3d 285, 296 (3d Cir. 2006) ................................................. 10, 11

Warth v. Seldia, 422 U.S. 490, 501 (1975)............................................................................... 5

Wisconsin v. Constantineau, 400 U.S. 433, 437 (1971)............................................................. 9

Wright v. New Jersey/Dep't of Educ., 115 F. Supp. 3d 490, 493 (D.N.J. 2015) ........................ 14

**Statutes**

42 U.S.C. §1983................................................................................................................ 1, 5, 10

N.J.A.C. 6A:16-7.2(a).............................................................................................................. 6

N.J.S.A. 18A: 6–9 ................................................................................................................. 12

N.J.S.A. 18A:6–9.1 ............................................................................................................... 12

**Rules**

Fed. R. Civ. P. 12 (b)(1)...................................................................................................... 3, 13

Fed. R. Civ. P. 8 ..................................................................................................................... 4

Fed. R. Civ. P. 8(a)(2)............................................................................................................. 4

## PROCEDURAL HISTORY

On April 7, 2026 J.W. (hereinafter, "Parent") filed a Complaint and Jury Trial Demand (hereinafter "Complaint") on behalf of their minor son E.W (hereinafter, J.W. o/b/o E.W. shall be referred to collectively as "Plaintiff"). On June 4, 2026, Defendant, Livingston Board of Education (hereinafter "Board") filed a Motion to Dismiss the Complaint in Lieu of an Answer. On June 22, 2026, Plaintiff filed a First Amended Complaint and Jury Trial Demand (hereinafter "Amended Complaint"). The Amended Complaint introduced no new legal claims or causes of action, solely alleging additional facts. The Amended Complaint also had no alteration to the relief being requested by the Plaintiff. The Board herein renews and reiterates its motion to dismiss.

## STATEMENT OF FACTS

E.W. is a student within the Livingston Public School District (hereinafter, "District") and currently attending Livingston High School. Livingston Public School District is the local education agency governed by the Livingston Board of Education which is named as the Defendant on this matter (hereinafter, "Defendant" or "Board"). The Complaint was filed after E.W.'s parents challenged the District administration's determination to discipline E.W. on the basis of academic dishonesty. The Amended Complaint includes five (5) counts against the Defendant: Count One — 42 U.S.C. §1983: Denial of Procedural Due Process; Count Two – 42 U.S.C. §1983: Municipal Liability; Count Three — 42 U.S.C. §1983: First Amendment Retaliation; Count Four — Declaratory Relief; and Count Five: Injunctive Relief.

In pertinent part, the Amended Complaint alleges that on or about January 5, 2026 E.W. participated in an A.P. Pre-Calculus Unit 4 examination administered by his A.P. Pre-Calculus instructor, Daniel Brill (hereinafter "Mr. Brill"). On or about January 20, 2026 E.W. was notified that he had received a 63% on this examination. Thereafter, E.W. asserts that he validly challenged

1

the grading of multiple questions on the exam. Mr. Brill reviewed the examination, asserting that E.W. changed his answers to the challenged questions after the grading had been completed. Plaintiffs correctly assert, in their Amended Complaint that the accusation was not treated as a "routine" grading dispute but rather, as a breach of academic integrity carrying disciplinary consequences. Per the Livingston High School Student Code of Conduct, of which the Plaintiffs are aware, the alteration of answers after they have been graded constitutes a breach of academic integrity. Specifically:

> Other breaches of academic integrity include forging signatures, **altering answers after they have been graded, inserting answers after the fact, erasure of a grader's marks,** or other acts that allow for falsely taking credit, and the unauthorized use of the internet or artificial intelligence to complete tests and/or assignments.
>
> Livingston Public Schools 2025-2026 Code of Conduct, Page 6 (**emphasis added**)

Plaintiff and Defendant do not dispute that E.W. and his parents were provided two opportunities to meet with school officials. The first meeting involved Assistant Principal Marie Battist-Rock and Mr. Brill, occurring on or around January 28, 2026. Thereafter, Plaintiff requested and was granted a second meeting with Principal Amro Mohammed (hereinafter "Principal Mohammed").This meeting occurred on or about February 2, 2026, and was attended by Principal Mohammed, Mr. Brill, and a guidance counselor. There is no dispute that at these meetings Plaintiff presented E.W.'s alternative explanation for the altered exam, and further, that Plaintiff requested the District consider alternative means of resolving the dispute. Plaintiff does not assert that they were denied the opportunity to view the exam in question, key documentary evidence for the allegation that E.W. breached the standard of academic integrity by altering

answers on the exam after grading. Plaintiff and Defendant agree that Principal Mohammed rejected Plaintiff's position and supported the determination that the incident constituted academic dishonesty, applying a disciplinary response and grading the exam as a 0%. It is critical to note that, during the course of this review, E.W. was not suspended from, or removed in any way from, his educational placement.

Plaintiff asserts that E.W. was denied due process before adverse consequences were imposed upon him; in this case, the primary adverse consequence being a finding of academic dishonesty and the regulation of E.W.'s score on the exam at issue being recorded as a 0%. Plaintiff further asserts that E.W. was subjected to other adverse consequences such as a heightened level of scrutiny after the finding of academic dishonestly, and removal from the Mathematics Honors Society. In addition, Plaintiff asserts that the decision to apply a 0% to the exam in question was retaliatory against the Plaintiff for exercising their First Amendments rights when they challenged the academic dishonesty finding.

Defendant moves the Court for an Order dismissing Plaintiff's Amended Complaint in its entirety, with prejudice, for failure to state a claim under Fed. R. Civ. P. 12(b)(6). In the alternative, the Defendant asks the Court to dismiss the Amended Complaint in its entirety for failure to exhaust administrative remedies and establish subject-matter jurisdiction under Fed. R. Civ. P. 12 (b)(1).

## LEGAL ARGUMENT

### POINT I

**THE AMENDED COMPLAINT FAILS TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED AND SHOULD BE DISMISSED.**

**A.      Standards Governing A Motion To Dismiss Under <u>Fed. R. Civ. P.</u> 12(b)(6).**

<u>Fed. R. Civ. P.</u> 12(b)(6) provides that an action should be dismissed where the Amended Complaint "fail[s] to state a claim upon which relief can be granted."  The Rule is designed to screen out claims for which there is clearly no remedy or which the plaintiff is without right or power to assert.  <u>Port Auth. of N.Y. & N.J. v. Arcadian Corp.</u>, 189 F.3d 305, 311-312 (3d Cir. 1999).

To survive dismissal, a complaint must contain sufficient factual matter to assert a claim to relief that is plausible on its face.  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). Labels, conclusions and formulaic recitation of the elements of a cause of action will not suffice to withstand a motion to dismiss. <u>Id.</u> at 555.  Legal conclusions made under the guise of factual allegations are accorded no presumption of truthfulness.  <u>Id.</u>  Thus, this court should not credit a plaintiff's bald assertions and legal conclusions when deciding a motion to dismiss.  <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).

In evaluating a motion to dismiss for failure to state a claim under <u>Fed. R. Civ. P.</u> 12(b)(6), courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record, but courts may also consider an undisputed, authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document. <u>Pension Benefit Guar. Corr. v. White Consol. Indus.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted).

In this instance, Plaintiff's claims are based, in part, on a written communication from Defendant's Attorney to Plaintiff's Attorney, dated February 25, 2026, the Pre-Calculus exam in question, the 2025-2026 School Year Code of Conduct for Livingston Public Schools and the Livingston Board of Education Policy 5600 "Student Discipline/Code of Conduct."  These

documents are included in the motion record.   (See Certification of Counsel and Exhibits thereto.)

When considering a motion to dismiss, all allegations in the complaint must be taken as true and all inferences are to be drawn in the light most favorable to the plaintiff. Warth v. Seldia, 422 U.S. 490, 501 (1975); Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). This assumption of truth is inapplicable, however, to "legal conclusions couched as factual allegations" or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Under Fed. R. Civ. P. 8, a pleading must contain a "short and plain statement of the claim showing that the pleaded is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard that Rule 8 prescribes "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, supra, (citations omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," as it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief. Id. at 678 (internal citations omitted).

As established hereafter, the Amended Complaint in its totality must be dismissed because the claims asserted are legally insufficient to state claims under federal law.

**B.      Plaintiff has Not Asserted Viable Section 1983 Claims Because E.W. was not Deprived of His Procedural Due Process Rights**

Plaintiff's Count I alleges that Defendant deprived E.W. of his right to procedural due process in violation of 42 U.S.C. §1983

> To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of "life, liberty, or property," and (2) the procedures available to him did not provide "due process of law."
>
> Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000))

Here, Plaintiff asserts that their child was denied his rights to due process under the Fourteenth Amendment, to defend himself against allegations of academic dishonesty and misconduct. They assert that the Fourteenth Amendment protects public school students from disciplinary action due to allegations of academic dishonesty without "adequate written notice of the precise charge, without timely disclosure of the evidence relied upon, without fair and meaningful opportunity to rebut the accusation before a neutral decision maker, without written factual findings, and without a meaningful appeal." (Amended Complaint Paragraph 59). They assert that this due process right includes an ongoing right to appeal and entitlement to a full hearing before the Board of Education.

The seminal case on the due process rights of students when facing disciplinary consequences is Goss v. Lopez, 419 U.S. 565 (1975). In this case, the Supreme Court found that states with compulsory education requirements created a property right in public education which could not be deprived without due process in accordance with the Fourteenth Amendment.[1] In Goss, the Court addressed the due process required before a student may be

---

1 The State of New Jersey, unequivocally, has a constitutionally protected right to a thorough and efficient education. N.J. Const Art. VIII §IV ¶ 1 for students between the age of 5 and 18. That is not in dispute in this case.

6

deprived of this right through a temporary suspension, defining a temporary suspension as one lasting fewer than ten (10) school days. . The Supreme Court found, "The total exclusion from the educational process for more than a trivial period... is a serious event in the life of the suspended child. Neither the property interest in educational benefits temporarily denied nor the liberty interest in reputation, which is also implicated, is so insubstantial that suspensions may constitutionally be imposed by any procedure the school chooses." Goss v. Lopez, 419 U.S. 565, 576 (1975)

Under Goss, a student facing a short-term suspension is entitled to oral or written notice of the charges, an explanation of the evidence, and an opportunity to present their version of events. Id. at 581. New Jersey has codified these rights in N.J.A.C. 6A:16-7.2(a)(4).

The Supreme Court goes on to note that, "There need be no delay between the time 'notice' is given and the time of the hearing," and stopped short of "construing the Due Process Clause to require, countrywide, that hearings in connection with short suspensions must afford the student the opportunity to secure counsel, to confront and cross-examine witnesses supporting the charge, or to call his own witnesses to verify his version of the incident." Id. at 583. While long term suspensions and expulsions "may require more formal procedures," the Court acknowledged that "to impose in each such case even truncated trial-type procedures might well overwhelm administrative facilities in many places and, by diverting resources, cost more than it would save in educational effectiveness." Id.

Unlike the students in Goss, E.W. was not suspended, as a result of the academic dishonesty finding. He remained in his educational program. The only discipline applied was an alteration of the test grade from a 63% to a 0%. A wide review of the progeny of Goss provides no precedent in which a court assigns a specific process for challenging the routine application of

7

discipline against a high school student who was determined to be cheating on a math test. See e.g. Laney v. Farley, 501 F.3d 577, 584 (6th Cir. 2007) (holding that a one day in-school suspension, during which the student was required to complete school work and was counted as being in attendance at school, was a de-minimus deprivation that did not implicate due process requirements); Hassan v. Lubbock Indep. Sch. Dist., 55 F.3d 1075, 1081 (5th Cir. 1995) ("De minimis or trivial deprivations of liberty in the course of the disciplining of a student do not implicate procedural due process requirements."); Fenton v. Stear, 423 F. Supp. 767, 773 (W.D. Pa. 1976) (procedural due process protections did not apply where school district, as punishment for calling a teacher a vulgar name, required a public high school student to report to a particular room to do his assigned work and forbade him from participating in a senior class field trip).

As to the remaining "injuries" alleged against E.W., (heightened scrutiny, removal from the National High School and Two Year College Mathematics Honor Society Mu Alpha Theta, and an alleged but not proven inability to gain admittance to the Ivy League college of E.W.'s choosing) these are a result of natural, typical and expected social consequences for a student with a finding of academic dishonesty against him. They do not rise to a level of potential reputational injury justifying due process.  This "mark" on the student's academic record is held within the student's confidential file, and reviewed solely for academic purposes. Even Plaintiff admits that the only way for anyone other than the District's administration and staff involved in the determination to know of the alleged reputational damage is for the Plaintiff to permit the District to share that information. (See Amended Complaint Paragraph 41). Unlike in Wisconsin v. Constantineau, 400 U.S. 433, (1971), the District is not publicly shaming E.W., an action which could require a heightened level of due process. There is no proverbial scarlet letter to be worn, no "posting" to be made, and no missed class time to be noticed. In this case, the only

removal of E.W. from his educational placement was caused by the Plaintiff's themselves when they chose to withdraw E.W. from the District and pursue an education elsewhere. The consequences of that removal lay solely with the Plaintiff.

Even presuming that these "injuries" constitute a deprivation of liberty which occurs when "a person's good name, reputation, honor or integrity is at stake because of what the government is doing to him," thus justifying that the "minimal requirements" of the due process clause be satisfied, there is no support under the law or precedent that allegations and findings of academic dishonesty require a higher level of scrutiny and due process beyond that of a short term suspension. See Goss at 574; citing Wisconsin v. Constantineau, 400 U.S. 433, 437 (1971).

Here, the Amended Complaint reflects on its face, that E.W. and his parents were informed of the allegation of academic dishonesty and provided an opportunity to be heard on the matter. In fact, the Plaintiff was provided the opportunity to be heard twice, being granted an informal meeting with the Assistant Principal, and then, when unsatisfied with the determination at that level, a second meeting with an administrative superior, the Building Principal. (See Amended Complaint Paragraphs 23, 30-34, and 70) This process satisfies the due process requirements established by the Supreme Court for a short term suspension (See Goss, supra), a level of discipline and deprivation of rights significantly more severe than implemented in this case. The Plaintiff's dissatisfaction with the due process they were provided does not transform it into a procedural violation.

E.W. was provided a level of due process more than sufficient to protect his rights. E.W.'s parents were clearly made aware of the allegation ahead of two administrative meetings; the Amended Complaint is notably devoid of any assertion that they were unaware of the purpose of the meetings prior to attendance. By their own admission, these meeting took place in

9

accordance with Livingston Public School District Procedures with the Building Principal and other members of the administration and staff (See Amended Complaint Paragraph 40). At the meeting Plaintiff was provided an opportunity to express their child's alternative explanation to the finding. That this explanation was rejected and the disciplinary action against Plaintiff's child was maintained, does not obligate the Board to provide a "trial-type" hearing, inclusive of forensic analysis of the exam in question. Such a level of due process would amount to a waste of school resources which the court in <u>Goss</u> lamented as unnecessary for even more severe disciplinary actions.

As no procedural due process violation has occurred, Count One of the Amended Complaint must be dismissed.

**C. Plaintiff Have Not Asserted Viable Section 1983 Claims Because The Disciplinary Action Taken Against E.W. Was A Direct Result Of The Finding Of Academic Dishonesty, And Not The Parent's Continued Objections.**

Plaintiff in this matter asserts that the District violated their First Amendment right when Principal Mohammed re-imposed a 0% grade shortly after the February 2, 2026 meeting as well as by allegedly subjecting E.W. to a heightened level of scrutiny. Plaintiff asserts that this action was in retaliation for Plaintiff exercising their right to dispute the accusation and object to the academic dishonesty determination.

"In order to plead a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." <u>Thomas v. Indep. Twp.</u>, 463 F.3d 285, 296 (3d Cir. 2006). (<u>referencing</u> <u>Mitchell v. Horn</u>, 318 F.3d 523, 530 (3d Cir.2003)). "[T]he key question in determining whether a cognizable First Amendment claim has been stated is

10

whether 'the alleged retaliatory conduct was sufficient to deter a person of ordinary firmness from exercising his First Amendment rights.'" McKee v. Hart, 436 F.3d 165, 170 (3d Cir.2006) (quoting Suppan v. Dadonna, 203 F.3d 228, 235 (3d Cir.2000)); see also Crawford–El v. Britton, 523 U.S. 574, 589 n. 10 (1998) ("The reason why such retaliation offends the Constitution is that it threatens to inhibit exercise of the protected right."). Thomas v. Indep. Twp., 463 F.3d 285, 296 (3d Cir. 2006). However, in response, a "defendant may defeat the plaintiff's case by showing that it would have taken the same action even in the absence of the protected conduct." Ambrose v. Robinson, Pa., 303 F.3d 488, 493 (3d Cir.2002)

There is no state or federal law mandating a specific consequence for academic dishonesty at the high school level. A review of Livingston Board of Education Policies 5600 - Student Discipline/Code Of Conduct states that "The Building Principal or designee shall have the authority to assign discipline to students."  Here, Principal Mohammed, as Building Principal, made the ultimate determination regarding the appropriate consequences after reviewing and affirming the finding of academic dishonesty. One need not obtain a Doctorate in Education to know and understand that a common and consistent consequence for academic dishonesty is to replace the original grade with a 0%. Plaintiff's Amended Complaint fails to support any allegation that the 0% was retaliatory, rather than the appropriate disciplinary response of the designated disciplinarian.

The same can be true of the perceived or actual increase of scrutiny by the instructor who made the initial academic dishonesty determination. Plaintiff asserts that the instructor's heightened scrutiny was a response to their use of the readily available appeal process, however Mr. Brill's response and suspicion of E.W. can more reasonably be associated with his instructional intuition, knowledge and experience that students who are found to be academically

11

dishonest, may result in recidivism. The loss of trust between an instructor and student is a natural consequence to a finding of academic dishonesty. Had E.W. remained enrolled in the District, it may have been reasonable for Plaintiff to request action to rehabilitate the relationship between E.W. and Mr. Brill. However, as indicated in Paragraph 73 of Plaintiff's Amended Complaint, these concerns were raised for the first time in a communication from Plaintiff's attorney that simultaneously notified the District of their intent to withdraw E.W.

As no First Amendment retaliation has occurred, Count Three must be dismissed.

**D.     As Plaintiff Has Failed To State A Claim Upon Which Relief Can Be Granted, The Amended Complaint In Its Entirety Must Be Dismissed.**

Generally, to state a claim pursuant to 42 U.S.C. §1983, a plaintiff is required to establish that: (1) he or she was deprived of a federal right secured by the Constitution of the United States; and 2) by a person acting under color of state law. Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995); Popow v. City of Margate, 476 F.Supp. 1237, 1240 (3rd Cir. 1970), citing Adickes v. S.H. Kress and Co., 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

As stated above, the Plaintiff has failed to establish that they were deprived of a federal right secured under either the First or Fourteenth Amendment, and therefore, they have no claim under 42 U.S.C. §1983. As the remainder of the Amended Complaint relies upon a finding of a valid Constitutional claim which has not been established, the remaining claims in Count Two, Four and Five must therefore also be dismissed.

## POINT II

**THE AMENDED COMPLAINT MUST BE DISMISSED BECAUSE THE COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION AS PRIMARY JURISDICTION FALLS WITHIN THE NEW JERSEY COMMISSIONER OF**

## EDUCATION AND PLAINTIFF HAVE FAILED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES.

When an issue lies within the "special competence of an administrative agency" courts are encouraged to refer such matters back to that agency <u>Reiter v. Cooper</u>, 507 U.S. 258, 268 (1993). The doctrine of primary jurisdiction calls for 'judicial abstention in cases where protection of the integrity of a regulatory scheme dictates preliminary resort to the agency which administers the scheme.'" <u>Cheyney State Coll. Faculty v. Hufstedler</u>, 703 F.2d 732, 736 (3d Cir.1983) (quoting <u>United States v. Phila. Nat'l Bank</u>, 374 U.S. 321, 353 (1963)). "Essentially, the doctrine creates a workable relationship between the courts and administrative agencies," <u>MCI Telecomms. Corp. v. Teleconcepts, Inc.</u>, 71 F.3d 1086, 1105 (3d Cir.1995) (internal citation omitted), and may even be applied "in cases where the questions raised 'are within the ordinary experience of [the] judiciary.'" <u>IPCO Safety Corp. v. WorldCom, Inc.</u>, 944 F. Supp. 352, 355 (D.N.J. 1996) (internal citation omitted).

> To determine whether the doctrine of primary jurisdiction is applicable, a court must consider:
> 1) whether the question at issue is within the conventional experience of judges or whether it involves technical or policy considerations within the agency's particular field of expertise;
> 2) whether the question at issue is particularly within the agency's discretion;
> 3) whether there exists a substantial danger of inconsistent rulings; and
> 4) whether a prior application to the agency has been made.
>
> <u>IPCO Safety Corp. v. WorldCom, Inc.</u>, 944 F. Supp. 352, 356 (D.N.J. 1996)

In this instance, primary jurisdiction rests clearly with the New Jersey Commissioner of Education ("Commissioner"). The Commissioner has "jurisdiction to hear and determine ... all controversies and disputes arising under the school laws," with the exception of laws governing

13

higher education. N.J.S.A. 18A: 6–9. In New Jersey, the statutory remedy for disputes under school laws is administrative, rather than judicial, and thus the doctrine of exhaustion of remedies is applicable. See Shepard v. Board of Educ., 207 F.Supp. 341, 348 (D.N.J.1962). Determinations made by the Commissioner "in all controversies and disputes arising under the school laws shall be considered to be final agency action under the 'Administrative Procedure Act" N.J.S.A. 18A:6–9.1.

"Where relief is available from an administrative agency, the plaintiff is ordinarily required to pursue that avenue of redress before proceeding to the courts; and until that recourse is exhausted, suit is premature and must be dismissed." Reiter v. Cooper, 507 U.S. 258, 269 (1993). This exhaustion requirement serves the policies of judicial economy, administrative efficiency, and respect for executive autonomy. Robinson v. Dalton, 107 F.3d 1018, 1020 (3d Cir. 1997) (citations omitted) (internal quotation marks omitted). "A district court may grant a motion to dismiss for lack of subject[-]matter jurisdiction based on the plaintiff's failure to exhaust a required administrative remedy only if it is undisputed that there has been no attempt to exhaust the administrative remedy." Moyer v. Showboat Casino Hotel, Atl. City, 56 F. Supp. 2d 498, 499 (D.N.J. 1999) (citing Robinson, 107 F.3d at 1021). When a defendant files such a motion "under Rule 12(b)(1), the plaintiff bears the burden of establishing subject[-]matter jurisdiction for the sake of remaining in federal court." Wright v. New Jersey/Dep't of Educ., 115 F. Supp. 3d 490, 493 (D.N.J. 2015) (footnote omitted) (citations omitted).

The true focus of the Plaintiff's Amended Complaint is their assertion that E.W. is innocent of the charge of academic dishonesty as he did not alter his Pre-Calculus Unit 4 examination. Plaintiff claim that they were denied due process in appealing this matter and insist that they are entitled to additional protections including hearing before an "impartial" decision

14

maker, but they took no action to further this dispute before the appropriate and designated authority—the New Jersey Commissioner of Education. There can be no reasonable doubt or challenge that the New Jersey Commissioner of Education was the proper authority for the continued hearing and appeal of the Plaintiff's concern. Chapter 37 of Title 18A of the New Jersey Statutes is titled "Discipline of Pupils," making allegations of improper discipline, or a failure of appropriate process, directly within the Commissioner's area of expertise and concern. As such, this matter should be dismissed to allow for the appropriate decision-maker to review the underlying allegation.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request this Court enter an order pursuant to Fed. R. Civ. P. 12(b)(6) dismissing the Amended Complaint with prejudice in its entirety. In the alternative, the Defendants respectfully request this Court enter an order pursuant to Fed. R. Civ. P. 12 (b)(1) dismissing the Amended Complaint in its entirety and directing that the Plaintiff pursue recourse and exhaust their administrative remedies before the New Jersey Commissioner of Education.

Respectfully Submitted,
**CLEARY GIACOBBE ALFIERI JACOBS LLC**
Attorneys for Defendant

By:        /s/ Jaclyn S. D'Arminio
           Jaclyn S. D'Arminio, Esq.

Dated:  July 14, 2026

15