**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| J.W., on behalf of E.W.,<br><br>Plaintiff,<br><br>v.<br><br>LIVINGSTON BOARD OF EDUCATION,<br><br>Defendant. | Civil Action No. 2:26-cv-03678-KSH-AME<br><br>Hon. Katharine S. Hayden, U.S.D.J.<br>Hon. André M. Espinosa, U.S.M.J.<br><br>**JOINT PROPOSED DISCOVERY PLAN** |

1. **Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.**

   **For Plaintiff J.W., on behalf of E.W.:** John Rue, Esq., Rue Law Group, LLC, 5 Lake Drive, Woodland Lakes, Randolph, New Jersey 07869. Telephone (862) 283-3155. Facsimile (973) 860-0869.

   **For Defendant Livingston Board of Education:** Jaclyn S. D'Arminio, Esq., Cleary Giacobbe Alfieri Jacobs Lagana LLC, 169 Ramapo Valley Road, Upper Level 105, Oakland, New Jersey 07436. Telephone (973) 845-6700. Facsimile (201) 644-7601.

2. **Set forth a brief description of the case, including the causes of action and defenses asserted.**

   **The case.** Plaintiff J.W. brings this action on behalf of E.W., a minor who attended Livingston High School. The First Amended Complaint (ECF No. 5) alleges that in January and February 2026 Defendant found E.W. responsible for academic dishonesty on an AP Pre-Calculus examination. It alleges that Defendant reduced his examination grade to zero, removed him from a mathematics honor society, and entered the finding in his record. It alleges that Defendant did so without adequate notice, disclosure of the evidence, a neutral decision-maker, written findings, or an appeal. It further alleges that Defendant retaliated against E.W. after his family challenged the finding and after this action was filed, and that E.W. withdrew from the District in April 2026.

   **Causes of action.** Count One, denial of procedural due process under 42 U.S.C. § 1983. Count Two, municipal liability under 42 U.S.C. § 1983. Count Three, First Amendment retaliation under 42 U.S.C. § 1983. Count Four, declaratory relief. Count Five, injunctive relief. Plaintiff seeks declaratory and injunctive relief, including expungement of the finding and related records; nominal and compensatory damages; and fees and costs under 42 U.S.C. § 1988. Plaintiff has demanded a jury.

   **Defenses.** Defendant has not answered. Its motion to dismiss the First Amended Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (ECF No. 7) is fully briefed (ECF Nos. 11 and 12) and is pending before Judge Hayden. Defendant contends that the New Jersey Commissioner of Education has primary jurisdiction over the dispute. Defendant

further contends that E.W. was not deprived of a protected property or liberty interest, that the process provided was adequate, and that the challenged actions were not retaliatory.

**Defendants:** This matter involves a finding of academic dishonesty and associated disciplinary action taken against Plaintiff's minor child, E.W., in relation to his AP Pre-Calculus examination, which occurred in January or February of 2026. As indicated by Plaintiff, Plaintiff argues that the finding occurred without the required due process. Defendant has not answered. A motion to dismiss is fully briefed and pending before Judge Hayden. Defendants deny the allegations contained in Plaintiff's complaint and request Dismissal based upon the arguments set forth in Defendants' Motion to Dismiss.

3. **Have settlement discussions taken place?**

Yes, before suit only.

(a) **What was plaintiff's last demand?**

(1) **Monetary demand:** None.

(2) **Non-monetary demand:** By letter of February 5, 2026, Plaintiff's counsel demanded withdrawal of the academic-dishonesty finding, correction of the examination grade, and written confirmation that no adverse record remains.

(b) **What was defendant's last offer?**

(1) **Monetary offer:** None.

(2) **Non-monetary offer:** None.

4. **The parties [have / have not] met pursuant to Fed. R. Civ. P. 26(f).**

The parties have met. Counsel conferred by videoconference on October 8, 2026.

5. **The parties [have / have not] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.**

The parties have not. The Rule 26(f) conference took place on October 8, 2026. The parties will exchange initial disclosures on or before October 29, 2026, which is 14 days after that conference. Fed. R. Civ. P. 26(a)(1)(C); L.Civ.R. 26.1(b)(2).

6. **Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1).**

None.

7. **The parties [have / have not] conducted discovery other than the above disclosures. If so, describe.**

The parties have not conducted formal discovery. On April 28, 2026, Defendant's counsel provided E.W.'s school counseling records and health records to Plaintiff's counsel by letter.

8. **Proposed joint discovery plan:**

(a) **Discovery is needed on the following subjects:**

**Plaintiff.**

(i) The January 5, 2026 AP Pre-Calculus Unit 4 examination: the original paper, any copies, scans, or photographs, the answer key, and how and when the examination was graded, returned, and collected.

(ii) Each change to E.W.'s grade on that examination, including who directed it, who entered it, and when.

(iii) The basis for the academic-dishonesty determination, including the communications and notes of Mr. Brill, Ms. Battist-Rock, Mr. Mohammed, and E.W.'s guidance counselor.

(iv) The meetings of January 28 and February 2, 2026, and Defendant's consideration of the family's requests for a retake, for interviews of classmates, and for forensic examination of the paper.

(v) E.W.'s student record, including each entry that reflects the determination, any Unsatisfactory Citizenship marker, and what would be disclosed to another district on transfer.

(vi) Each communication of the accusation or the determination to anyone other than E.W. and his parents, including other teachers and students, and the reason for it.

(vii) E.W.'s removal from the Mu Alpha Theta mathematics honor society, and any change in his standing in any other honor society, club, or activity after January 23, 2026.

(viii) Defendant's policies and practices on academic integrity, student discipline, grade review, complaints of retaliation, and appeals, including Policy 5600 and the Student Handbook, and the training of administrators on them.

(ix) Defendant's handling of other academic-integrity accusations, and of complaints of retaliation by students or parents, at Livingston High School from the 2021-2022 school year to the present, in de-identified form.

(x) The authority of the Building Principal over academic-integrity determinations, and the availability of any further review.

(xi) Mr. Brill's reports and statements concerning E.W. after January 28, 2026, including the events of January 28, January 29, and April 9, 2026, and the basis for the April 9 accusation.

(xii) Which of Defendant's employees learned of this action, and when, and any instruction given to staff after it was filed concerning E.W. or the preservation of records.

(xiii) Defendant's handling of the February 5 and April 13, 2026 letters from Plaintiff's counsel, including who received and reviewed them and any investigation or response, and E.W.'s withdrawal from the District.

(xiv) Damages.

**Defendant.**

**i.** Information and communications indicating when Plaintiff became aware of the allegations regarding academic dishonesty related to the January Pre-Calculus Exam.

**ii.** Each communication regarding the January 5, 2026 exam and the allegations made by E.W. towards anyone inside or outside of the District including but not limited to other students, Plaintiffs, and/or employees of the District.

**iii.** Each communication regarding the January 5, 2026 examination and subsequent procedures and events made by Plaintiffs, including but not limited to District Employees and/or other parents in the District. Any documentation or information in the possession of the Plaintiffs regarding the allegations.

(b) **Discovery [should / should not] be conducted in phases or be limited to particular issues. Explain.**

Discovery should not be conducted in phases or limited to particular issues. The claims arise from a single course of events between January and April 2026. The same witnesses and the same documents bear on every count.

(c) **Proposed schedule:**

(1) **Fed. R. Civ. P. 26 Disclosures:** October 29, 2026.

(2) **E-Discovery conference pursuant to L. Civ. R. 26.1(d):** October 8, 2026, as part of the Rule 26(f) conference.

(3) **Service of initial written discovery:** November 6, 2026.

(4) **Maximum of** 25 **Interrogatories by each party to each other party.**

(5) **Maximum of** 10 **depositions to be taken by each party.**

(6) **Motions to amend or to add parties to be filed by** January 29, 2027.

(7) **Factual discovery to be completed by** April 30, 2027.

(8) **Plaintiff's expert report due on** May 28, 2027.

(9) **Defendant's expert report due on** June 30, 2027.

(10) **Expert depositions to be completed by** July 30, 2027.

(11) **Dispositive motions to be served within** 30 **days of completion of discovery.**

(d) **Set forth any special discovery mechanism or procedure requested.**

None beyond those described in paragraphs 9 through 12.

(e) **A pretrial conference may take place on:**

November 2027.

(f) **Trial date:**

February 2028. Jury trial.

9. **Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? If so, please explain.**

Yes.

(i) **The original examination paper.** Plaintiff will request production of the original examination paper for inspection and non-destructive forensic examination under Fed. R. Civ. P. 34(a)(1). Plaintiff asks that Defendant keep the original in its present condition. The parties will agree on a protocol for custody and handling before any examination takes place. Defendant objects to the request to permit the original examination paper to be provided for non-destructive forensic examination as the same is irrelevant to question of whether appropriate due process procedures were followed. Defendant agrees to keep the original exam in its present condition and will produce the original exam for review by Plaintiff and the court.

(ii) **Remote depositions.** Plaintiff proposes that the parties stipulate under Fed. R. Civ. P. 30(b)(4) that any deposition may be taken by remote means. Defendant objects to remote depositions.

(iii) **Minors.** E.W. is a minor, and several potential witnesses are students. The parties will confer on the conditions for any deposition of a minor, including its length, its location, and the presence of a parent.

(iv) **Records of other students.** Discovery on Count Two will call for records concerning other students. Plaintiff proposes that those records be produced in de-identified form, with a consistent identifier for each student. If identifiable education records of another student must be produced, the parties will address in the Discovery Confidentiality Order the advance notice described in 34 C.F.R. § 99.31(a)(9)(ii). Defendant objects to the production of student records.

10. **Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.**

Yes. **Categories.** Under L.Civ.R. 26.1(d)(2), Plaintiff identifies the following categories of digital information that Plaintiff will seek:

(i) Email and other electronic messages concerning E.W. or his family, from January 1, 2026 to the present, of Mr. Brill, Ms. Battist-Rock, Mr. Mohammed, E.W.'s guidance counselor, the faculty adviser of Mu Alpha Theta, and the Superintendent's office.

(ii) Gradebook and student-information-system records for E.W., including audit logs that show each change to the Unit 4 examination grade, who made it, and when.

(iii) Schoology records showing E.W.'s membership in, and removal from, the Mu Alpha Theta group and each other group to which he belonged.

(iv) The disciplinary and conduct entries in E.W.'s student record, with their creation and modification history.

(v) Text messages concerning E.W. sent or received by the employees named above, on any device, and any photograph or scan of the examination paper.

(vi) Text messages concerning the allegations sent or received by E.W. or the Plaintiffs on any device.

(vii) Email and other electronic messages from January 1, 2026 to the present, of E.W. or the Plaintiffs regarding the Allegations stemming from the January Pre-Calculus examination and/or the school district's handling of same.

**Form of production.** Email and other documents will be produced as searchable PDF or TIFF images, with a load file that preserves sender, recipients, date, and attachment relationships. Spreadsheets, logs, and database exports will be produced in native format.

**Preservation.** Plaintiff asks Defendant to confirm that automatic deletion has been suspended for the custodians and systems identified above. The parties do not presently anticipate a need to restore deleted or back-up data.

**Costs.** Each party will bear its own costs of preserving and producing digital information.

11. **Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S.**

Yes. The parties will submit a Discovery Confidentiality Order based on Appendix S, modified to address education records and the identities of minors. As paragraph 7 of the Court's Civil Case Management Order requires, the parties will submit a clean version and a version marked to show each change from Appendix S.

The parties will also ask the Court to enter an order under Federal Rule of Evidence 502 reflecting their agreement on the handling of privileged material that is produced inadvertently. Fed. R. Civ. P. 26(f)(3)(D); L.Civ.R. 26.1(b)(2)(g).

12. **Do you anticipate any discovery problem(s) not listed above? Describe.**

Yes.

**Pre-suit communications of counsel.** Defendant's counsel wrote to Plaintiff's counsel about this matter on February 25 and March 2, 2026, before suit was filed. Those communications are pleaded in paragraphs 42 through 44 of the First Amended Complaint. The parties will confer on whether discovery concerning them can be handled by stipulation.

**Privilege logs.** Plaintiff proposes that each party serve a privilege log within 30 days after each production from which it withholds a document. Plaintiff proposes that communications solely between a party and its litigation counsel after April 30, 2026 need not be logged.

13. **State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).**

**Arbitration.** The case is not appropriate for arbitration. The claims are based on alleged violations of rights secured by the Constitution of the United States, and Plaintiff seeks declaratory and injunctive relief as well as damages. L.Civ.R. 201.1(d)(1), (d)(2)(A).

**Mediation. Plaintiff.** Plaintiff is prepared to mediate at any time that Defendant is prepared to make a proposal addressing E.W.'s grade and record. Mediation should proceed alongside discovery and should not delay it.

**Mediation. Defendant. Defendant is prepared and willing to mediate after a decision is issued on the motion to dismiss.**

14. **Is this case appropriate for bifurcation?**

No.

15. **An interim status/settlement conference (with clients in attendance), should be held in:**

**Plaintiffs**: At any time that Defendant is prepared to make a proposal addressing E.W.'s grade and record. Otherwise, March 2027.

Defendant respectfully requests that the interim status/settlement conference be held after a decision is issued on the pending motion to dismiss.

16. **We [do / do not] consent to the trial being conducted by a Magistrate Judge.**

**Plaintiff:** Do not. **Defendant: do not**

17. **Identify any other issues to address at the Rule 16 Scheduling Conference.**

**Timing.** Plaintiff seeks an expedited schedule. The relief Plaintiff seeks includes expungement of the finding from E.W.'s record. E.W. will apply to college in the fall of 2028. Plaintiff asks for a schedule that permits the case to reach judgment before then, and the dates in paragraph 8(c) are proposed with that in mind. Defendant objects to an expedited schedule.

**Amendment.** The date proposed in paragraph 8(c)(6) is without prejudice to an application to amend after the Court decides the pending motion to dismiss.

**RUE LAW GROUP, LLC**
Attorneys for Plaintiff J.W., on behalf of E.W.

By: John Rue
John Rue, Esq. (ID #047032005)

Dated: 10/22/2026

**CLEARY GIACOBBE ALFIERI JACOBS LAGANA LLC**
Attorneys for Defendant Livingston Board of Education

By: /s/ Jaclyn S. D'Arminio (with permission)
Jaclyn S. D'Arminio, Esq. (ID #90252012)

Dated: 10/22/2026